E-FILED
Wednesday, 11 March, 2026  11:11:02 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **Ronald Satish Emrit,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 26-cv-3083 |
| ) | |
| **President Barack Hussein Obama,** ) **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Plaintiff Ronald Satish Emrit's ("Plaintiff") Motion for Leave to Proceed *in forma pauperis* ("IFP") (d/e 2). For the following reasons, Plaintiff's Motion (d/e 2) is DENIED as moot, and the Complaint (d/e 1) is DISMISSED with prejudice.

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets such [movant] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, Section 1915(e)(2) ensures careful threshold scrutiny of the complaint filed

by an IFP plaintiff by requiring the Court to dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Hoskins v. Pelstra, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

Thus, before addressing Plaintiff's Motion for Leave to Proceed IFP (d/e 2), the Court examines Plaintiff's Complaint (d/e 1).

A *sua sponte* dismissal of a pro se IFP complaint as frivolous is appropriate under 28 U.S.C. § 1915 if "the petitioner can make no rational argument in law or facts to support his claim for relief." Jones v. Morris, 777 F.2d 1277, 1279–80 (7th Cir. 1985); see also Neitzke v. Williams, 490 U.S. 319, 328 (1989) (noting that a court can dismiss complaints that describe "fantastic or delusional scenarios"). "A claim is factually frivolous if its allegations are bizarre, irrational or incredible." Edwards v. Snyder, 478 F.3d 827, 829 (7th Cir. 2007). A court assessing a claim under § 1915 "is not bound, as it usually is when making a determination based solely

on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). A court in its discretion can "pierce the veil" of the alleged facts and dismiss claims for factual frivolousness. Neitzke, 490 U.S. at 327.

Plaintiff filed this action against "Former President Barack Hussein Obama, Michelle Obama, Former President Joe Biden, Jill Biden, Hunter Biden, Supreme Court Justice Kentanji Brown-Jackson, Former Prince Andrew of the Windsors, and British Prime Minister Keir Starmer" ("Defendants"). d/e 1, pp. 1-2. Plaintiff alleges that former President Obama "is defaming the current president by appearing in interviews and podcasts when most former presidents try to stay out of the spotlight based on a sense of professional courtesy" (Count I) and "has become a public nuisance by trying to remain relevant to the modern-day political conversation" (Count II). Id. at p. 5.

Plaintiff does not name the other seven Defendants in any of his claims. Plaintiff alleges "companies which feature" former President Obama on their channels, podcasts, or interviews "are committing the tort of industrial espionage" (Count III) and

"committing the tortious interference with business relations/contacts under the Federal Tort Claims Act (FTCA)" (Count IV), but Plaintiff does not name any companies as defendants. Id. Plaintiff seeks $500 billion in damages. Id. at p. 6.

Plaintiff's allegations "make no rational argument in law or facts to support his claim for relief." Jones, 777 F.2d at 1279–80; see, e.g., Fillmer v. Claims Unit Division of Risk Mgmt., No. 4:23-cv-04183-SLD-JEH, 2024 WL 84188 (C.D. Ill. Jan. 8, 2024) (dismissing a case as factually frivolous where plaintiff alleged he was subjected to surveillance and harassment by government agents appearing as voices in his head); Armstrong v. U.S. Fed. Gov't, No. 4:23-cv-04139-SLD-JEH, 2023 WL 7005376 (C.D. Ill. Oct. 24, 2023) (dismissing a case as factually frivolous where plaintiff alleged that he was a victim of mind control that caused him to commit acts and caused incidents to happen to him); Moore v. Roth, Nos. 90 C 1097, 90 C 1098, 90 C 1099, 90 C 1163, 90 C 1179, 90 C 1183, 90 C 1207, 90 C 1210 and 90 C 1248, 1990 WL 60735, at *1 (N.D. Ill. April 24, 1990) ("[a]llegations that some government official has installed radiation devices in a plaintiff's . . . brain . . . are clearly in the realm of the delusional.").

Accordingly, Plaintiff's Complaint (d/e 1) is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (d/e 2) is DENIED as moot. The Court DIRECTS the Clerk to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**
**ENTERED: March 11, 2026.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**